IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| JOHN BENSON,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **ORDER**<br><br>Case No. 2:06 CV 651<br>*Related to:* 2:98 CR 197 |

On May 3, 2007, the Court entered its Order denying Petitioner John Benson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Since that time, Mr. Benson, a federal inmate appearing pro se, has inundated the Court with the following motions and other documents seeking relief that has already been denied. On May 17, 2007, Petitioner filed a "Motion to Reconsider Denial of 2255 Motion." On May 21, 2007, Petitioner filed a document entitled "Notice of Foreign Law." On June 1, 2007, Petitioner filed a "Rule 60(b) Motion" to reopen his case with a supporting memorandum of law. On June 4, 2007, Petitioner filed a "Motion to Consolidate This Case With Case No. 06-CV0642 Ambort v. U.S.A.," a "Motion for Discovery," and a "Motion for Appointment of Learned Co-Counsel." On June 11, 2007, Petitioner filed a "Motion in Support of Factual Innocence, Literal Truth, and Descriptive Beliefs." On June 15, 2007, Petitioner filed an "Ex Parte Motion for Appointment of Counsel to Aid in Discovery." On June 22, 2007, Petitioner filed a "Demand for Trial by Jury." On July 2, 2007, Petitioner filed a "Motion for Summary Judgement" with a supporting memorandum of law and declarations of John Benson and Ernest Ambort. On July 9, 2007, Petitioner filed a

"Motion for Evidentiary Hearing (Addendum)" with the supporting memorandum of law being filed three days later on July 12, 2007.  On July 26, 2007, Petitioner filed a "Motion for Evidentiary Hearing" and an "Errata to Rule 60(b) Motion."  Finally, on August 3, 2007, Petitioner filed a "Motion for Sanctions [FRCvP 11(c)]," a "Memorandum in Support of Motion for Sanctions," and an "Errata to Petitioner's Motion for Sanctions."

With regard to Petitioner's motions for reconsideration by the Court of its prior ruling, the Court notes that "a motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Having now reconsidered its previous ruling pursuant to both Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, the Court is satisfied it neither misapprehended the facts nor the law in denying Petitioner's original 2255 motion or any other previously denied motions.  Petitioner's motions for reconsideration are accordingly DENIED.  Additionally, having reviewed all briefing and the relevant law, the Court DENIES each of Mr. Benson's other substantive and procedural motions.

With regard to Petitioner's motions about his sentence, Petitioner is reminded that the Court has considered and issued its ruling regarding the 2255 motion for the reasons stated in that order.  The Court will not entertain successive motions that seek to obtain relief pursuant to 2255, no matter how these motions are captioned, until Mr. Benson obtains an order from the Court of Appeals for the Tenth Circuit authorizing the Court to

/ / /

/ / /

/ / /

/ / /

/ / /

consider such motions pursuant to Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

    IT IS SO ORDERED.

    DATED this 4th day of January, 2008.

                                                 Dee Benson
                                                 United States District Judge